UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

        Plaintiff,

    v.

PELICAN BAY STATE PRISON
MEDICAL STAFF,

        Defendant.

Case No.  15-cv-05769-EMC

**ORDER TO SHOW CAUSE RE
CONTEMPLATED DISMISSAL**

Docket Nos. 1, 2, 4

Kenneth Smith, a prisoner at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  He also has applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that the court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as

strikes for § 1915(g) purposes, so the mere fact that the prisoner has filed many cases does not alone warrant dismissal of the present action under § 1915(g).  *See Andrews*, 398 F.3d at 1121. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Andrews*, 398 F.3d at 1121.

Andrews requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Andrews*, 398 F.3d at 1121.  *Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Andrews*, 398 F.3d at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Mr. Smith is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g):  First, *Smith v. Civil Judge*, N.D. Cal. Case No. C 00-1428 MHP, was dismissed for failure to state a claim upon which relief may be granted. Second, *Smith v. Ms. Keen*, N.D. Cal. Case No. C 00-1614 MHP, was dismissed for failed to state a claim upon which relief may be granted.  Third, *Smith v. Director San Francisco Greyhound Bus Dept. Station*, N.D. Cal. Case No. C 09-1851 MHP, was dismissed for failure to state a claim upon which relief may be granted.  Fourth, *Smith v. San Quentin State Prison*, N.D. Cal. Case No. C 09-2381 MHP, was dismissed for failure to state a claim upon which relief may be granted.  The Court made its evaluation of these cases based on the dismissal orders and docket sheets in them. *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Mr. Smith does not appear to be under imminent danger of serious physical injury, he is **ORDERED TO SHOW CAUSE** in writing filed no later

than **May 6, 2016** why *in forma pauperis* status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why the action should not be dismissed, Mr. Smith may avoid dismissal by paying the full $400.00 filing fee by the deadline.

   **IT IS SO ORDERED**.


Dated: April 11, 2016

_____
EDWARD M. CHEN
United States District Judge